UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SPECIALIZED BICYCLE COMPONENTS, INC.,

       Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,",

       Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Specialized Bicycle Components, Inc. ("Plaintiff") hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district through various Internet based e-commerce stores using the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least the Internet based e-commerce stores accessible in Florida and operating under their Seller IDs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, and/or selling infringing products into this district.

## THE PLAINTIFF

4. Plaintiff is a California corporation with its principal place of business in Morgan Hill, California. Plaintiff designs, markets, and distributes high-end bicycles, cycling accessories, and apparel, throughout the world, including this district, under multiple world famous common law and federally registered trademarks, as discussed in Paragraph 14 below, and identified in Schedule "B" hereto. Plaintiff's trademarked goods are sold through authorized retail locations within the State of Florida, including this district. Defendants, through the sale and offer to sell counterfeit and infringing Specialized branded products, are directly, and unfairly, competing with Plaintiff's economic interests in the State of Florida and causing Plaintiff harm within this jurisdiction.

5. Like many other famous trademark owners, Plaintiff suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiff's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the

goodwill associated with Plaintiff's trademarks, as well as the destruction of the legitimate market sector in which it operates.

6. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Plaintiff expends significant amounts of money in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The recent explosion of counterfeiting over the Internet has created an environment that requires companies to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to Plaintiff's brand.

## THE DEFENDANTS

7. Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of, at least, the fully interactive commercial Internet based e-commerce store via the Internet marketplace websites, eBay.com, AliEpress.com, and Wish.com, under the Seller IDs.

8. Defendants are the past and present controlling forces behind the sale of the products under counterfeits and infringments Plaintiff's trademarks as described herein using at least the Seller IDs.

9. Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiff's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit Specialized goods into the State.

10. Defendants have registered, established or purchased, and maintained their Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they sell during the registration or maintenance process related to their respective Seller IDs. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

11. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Plaintiff's trademarks unless preliminarily and permanently enjoined.

12. Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Plaintiff and others.

13. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and

infringing goods bearing Plaintiff's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Plaintiff. Moreover, Defendants are using Plaintiff's famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

14.     Plaintiff is the owner of the trademarks identified on Schedule "B" hereto, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Specialized Marks"):  The registrations for the Specialized Marks constitute presumptive evidence of their ownership and validity, and the registrations are incontestable and therefore constitute conclusive evidence of such rights. The Specialized Marks are used in connection with the design, marketing, and distribution of high quality goods in the categories identified above. True and correct copies of the Federal Registrations for the Specialized Marks are attached hereto as Composite Exhibit 1.

15.     The Specialized Marks have been used in interstate commerce to identify and distinguish Plaintiff's  high quality goods, including bicycles, cycling accessories, and apparel, for an extended period of time.

16.     The Specialized Marks are well-known and famous and have been for many years. Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Specialized Marks and products bearing the

Specialized Marks. The Specialized Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

17. Plaintiff has extensively used, advertised, and promoted the Specialized Marks in the United States in association with the sale of high quality bicycles, cycling accessories, apparel, and other goods.

18. As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing or sold under the Specialized Marks as being high quality goods sponsored and approved by Plaintiff.

19. The Specialized Marks serve as symbols of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

20. The Specialized Marks have never been assigned or licensed to any Defendant in this matter.

21. Genuine goods bearing the Specialized Marks are widely advertised and promoted by Plaintiff, its authorized distributors and unrelated third parties via the Internet. Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Plaintiff's overall marketing and consumer education efforts. Thus, Plaintiff expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Plaintiff and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Specialized Marks and the goods sold thereunder.

**Defendants' Infringing Activities**

22. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale counterfeit goods in interstate commerce using exact copies of the Specialized Marks (collectively, the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs. Plaintiff has used the Specialized Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiff's merchandise.

23. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Plaintiff's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiff under the Specialized Marks despite Defendants' knowledge that they are without authority to use the Specialized Marks. The net effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Plaintiff.

24. Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on an Internet marketplace website using at least the Seller IDs. In so advertising these goods, Defendants use the Specialized Marks without Plaintiff's permission.

25. As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the

Specialized Marks. Specifically, Defendants are using counterfeits of Plaintiff's famous Specialized Marks in order to make their e-commerce stores selling illegal goods appear more relevant, authentic, and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. Defendants are causing concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the Specialized Marks, and (iii) increasing Plaintiff's overall cost to market the Specialized Marks and educate consumers about its brand via the Internet.

26.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

27.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Specialized Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

28.     Defendants' use of the Specialized Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

29.     Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation.  If Defendants'

intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

30. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Counterfeit Goods, which there is not.

31. Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

32. Plaintiff has no adequate remedy at law.

33. Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Specialized Marks. If Defendants' counterfeiting and infringing and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

34. The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

35. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Specialized Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

37. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods, using counterfeits and/or infringements of one or more of the Specialized Marks. Defendants are continuously infringing and inducing others to infringe the Specialized Marks by using them to advertise, promote, and sell at least counterfeit and infringing goods.

38. Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

39. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

40. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Specialized Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

42. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

43. Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the Specialized Marks have been widely advertised and offered for sale throughout the United States via at least one Internet marketplace website.

44. Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the Specialized Marks are virtually identical in appearance to Plaintiff's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

45. Defendants, upon information and belief, have used in connection with their offering for sale and sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

46. Defendants have authorized infringing uses of the Specialized Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

47. Additionally, Defendants are using counterfeits and infringements of the Specialized Marks in order to unfairly compete with Plaintiff and others for space within search engine organic results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's genuine goods on the World Wide Web.

48. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49. Plaintiff has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

50. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

51. This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods using marks that are virtually identical, both visually and phonetically, to the Specialized Marks in violation of Florida's common law of unfair competition.

52. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using counterfeits and infringements of the Specialized Marks. Defendants are also using counterfeits and infringements of the Specialized Marks to unfairly compete with Plaintiff and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

53. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Specialized Marks.

54. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

55.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

56.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Specialized Marks. Plaintiff is the owner of all common law rights in and to the Specialized Marks.

57.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Specialized Marks.

58.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Specialized Marks.

59.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

60.     WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

   a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith,

13

from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Specialized Marks; from using the Specialized Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Specialized Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's trademarks; and from otherwise unfairly competing with Plaintiff.

      b.     Entry of an order requiring the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Specialized Marks be disabled by the applicable governing Internet marketplace website.

    c.  Entry of an order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to eBay.com, AliExpress.com, and Wish.com, cease facilitating access to any or all e-commerce stores through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Specialized Marks.

    d.  Entry of an order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiff's election with respect to Count I, that Plaintiff be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

    e.  Entry of an award of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

    f.  Entry of an order that, upon Plaintiff's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc, Alibaba.com Hong Kong Limited and Alipay.com Co., Ltd., Wish.com, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution

account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

        g.    Entry of an award of pre-judgment interest on the judgment amount.

        h.    Entry of an Order for any further relief as the Court may deem just and proper.

DATED: November 17, 2016.        Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s:/Stephen M. Gaffigan/**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff,
Specialized Bicycle Components, Inc.

## SCHEDULE A
## DEFENDANTS BY NUMBER AND SELLER ID

| Defendant Number | Defendant / Seller ID |
|---|---|
| 1 | in-style1820 |
| 1 | sanshang2012 |
| 2 | 2101272 |
| 3 | 7849663 |
| 4 | 1-cn592 |
| 5 | 3cn9686 |
| 6 | 4cn5918 |
| 7 | 4hk-5c4uno |
| 7 | anglerwang1 |
| 8 | ahhenryhenry |
| 9 | arrows-maker |
| 10 | cn_6695 |
| 11 | cnji_4zrqnkg |
| 12 | cnsrate |
| 13 | dan090691 |
| 14 | ebcaman |
| 15 | fashion_dress8 |
| 16 | gahi9726 |
| 17 | handmadebow |
| 17 | wanwan565 |
| 18 | hansey2013 |
| 19 | harbor424 |
| 20 | hkfny |
| 21 | houcn-ulyas |
| 22 | hxiaowe_0 |
| 23 | kantiya2524 |
| 24 | longbowmaker888 |
| 25 | n32938720panxi4 |
| 26 | olivwon0 |
| 27 | sunny_xj |
| 28 | supplyeach2015 |
| 29 | supplyworld15 |
| 30 | sztouchworld |

| 31 | todo10ciclismo |
|---|---|
| 32 | wanderer-stores |
| 33 | zhangwei1411 |
| 34 | 2016 cycling custom shop |
| 35 | Ant Sports |
| 36 | Brand cycling jerseys shop |
| 37 | Custom cycling clothing factory |
| 38 | Fluorescent yellow Series: bicycle clothes shop |
| 39 | Hao - 008. |
| 39 | Professional bicycle clothing manufacturing trade co., |
| 40 | Living ShenGe World |
| 41 | P Q SKY outdoor sports Ltd. |
| 42 | Piao Qi riding Trade Co., Ltd. |
| 43 | Professional Sports Equipment Mall |
| 44 | ssqqqqqq |
| 45 | Starting Point |
| 46 | Xvertex cycling store |
| 47 | 9 City |
| 48 | Cycling jersey |
| 49 | cycling wear 201 |
| 50 | Fashion body international |
| 51 | linyi chunyuan trade Co., Ltd. |
| 52 | Pro Cycling Clothing Store |
| 53 | Pro cycling jersey |
| 54 | Riding company |
| 55 | siweida |
| 56 | SportClub |

SCHEDULE "B"
PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| SPECIALIZED | 1,378,009 | January 14, 1986 | IC 012; bicycle components and accessories; namely, tires, cables, tubes, cable housings, handle bars, stems, frames, stayguards. |
| (lightning bolt logo) | 1,515,498 | December 6, 1988 | IC 025; bicyclists' shoes and clothings, namely shorts, socks, and jerseys. |
| S-WORKS | 2,940,114 | April 12, 2005 | IC 012; bicycles and bicycle frames. |
| (lightning bolt logo) | 3,183,096 | December 12, 2006 | IC 012; bicycles, and bicycle parts and accessories, namely, bicycle frames, bicycle pumps, inner tubes, tires, saddles, handlebar grips, handlebar safety pads, handlebars, handlebar tape, brake levers, handlebar stems, seat posts, and water bottle cages. |
| (lightning bolt logo) | 3,988,743 | July 5, 2011 | IC 025; bicycle gloves. |
| (lightning bolt logo) | 3,989,153 | July 5, 2011 | IC 009; protective body armor.<br><br>IC 025; clothing, namely, shirts, t-shirts, tops, base layers, jackets, jerseys, shorts, padded shorts, pants, sweat pants, tights, vests, socks, arm warmers, knee warmers, headwear, and footwear. |
| SPECIALIZED | 4,019,602 | August 30, 2011 | IC 025; clothing, namely, footwear, shirts, t-shirts, tops, socks, jackets, base layers, shorts, padded shorts, pants, sweat pants, tights, vests, arm warmers, knee warmers, headwear, gloves, namely, cycling gloves and outdoor gloves. |